IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-31-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENDRICK WILLIAMS | ) | |

This cause comes before the Court following a sentencing hearing and imposition of sentence on April 7, 2016, at Raleigh, North Carolina. During the sentencing hearing, defendant raised an objection to his classification as a career offender under section 4B1.1 of the United States Sentencing Guidelines. The Court at the hearing overruled defendant's objection, and enters this order in further support of its ruling.

## BACKGROUND

Defendant pleaded guilty without a plea agreement to one count of possession with intent to distribute a quantity of cocaine base and one count of possession with intent to distribute a quantity of heroin, a quantity of methylenedioxymethamphetamine, and a quantity of cocaine in violation of 21 U.S.C. § 841(a). The presentence report prepared by the United States Probation Office found defendant to have a total offense level of twenty-nine and criminal history category of VI, resulting in an advisory guideline imprisonment range of 151 to 188 months. Defendant's total offense level and criminal history category were increased because defendant was found to have the requisite prior convictions to be classified as a career offender under U.S.S.G. § 4B1.1.

Defendant objects to his classification as a career offender. Specifically, defendant contends that his prior conviction of attempted common law robbery, noted at paragraph twenty-

seven of the presentence report, is not a crime of violence under *Johnson v. United States*, 135 S.Ct. 2551 (2015), and thus cannot serve as a predicate conviction for career offender classification.

## DISCUSSION

United States Sentencing Guideline § 4B1.1 provides that an adult defendant whose instant offense of conviction is either a crime of violence or a controlled substance offense and who has at least two prior felony convictions for controlled substance offenses or crimes of violence shall be sentenced as a career offender. For purposes of the career offender enhancement, a crime of violence is one that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1)-(2). The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" located in § 4B1.2 (a)(2) is referred to as the residual clause. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), which is identically worded, is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557.

The Court will assume without deciding that common law robbery under North Carolina law is not a crime of violence under § 4B1.2(a)(1) because there is no requirement that the robbery be accomplished by violent force. *See United States v. Hinton*, 4:15-CR-26-FL, 2016 WL 632447, at *2 (E.D.N.C. Feb. 17, 2016) (citing *Johnson v. United States*, 559 U.S. 133, 140 (2010)). Further, robbery is not one of the specifically enumerated offenses in § 4B1.2(a)(2). The Court need not reach the constitutionality of the career offender residual clause in this case,

2

however, because the Sentencing Guidelines themselves enumerate robbery as a qualifying crime of violence in the application notes. U.S.S.G. § 4B1.2 cmt. n.1.

"The crimes specified in Application Note 1 of the commentary to § 4B1.2 serve as additional enumerated offenses, or 'example crimes,' to be considered when determining whether a prior conviction" qualifies as a crime of violence. *United States v. Mobley*, 687 F.3d 625, 629 (4th Cir. 2012). In order to determine whether a conviction for robbery under North Carolina law is generic "robbery" as that term is used in the application note, the Court employs a categorical approach. *See United States v. Peterson*, 629 F.3d 432, 435 (4th Cir. 2011).

In North Carolina, common law robbery is defined as "the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear." *State v. Stewart*, 255 N.C. 571, 572 (1961). This comports with the generic definition of robbery, and a conviction for common law robbery under North Carolina law thus properly qualifies as a crime of violence under § 4B1.1. *See Hinton*, 2016 WL 632447 *3 (citing Wayne R. LaFave, Substantive Criminal Law § 20.3 (2d ed.)). That this defendant was convicted of *attempted* common law robbery is of no import as the Sentencing Guidelines specifically include convictions for attempts to commit crimes of violence as qualifying predicates for the career offender enhancement. U.S.S.G. § 4B1.2 cmt. n. 1.

## CONCLUSION

Defendant's objection to his career offender designation is overruled and the Court adopts the presentence report in its entirety. Defendant's total offense level of twenty-nine and criminal history category of VI result in an advisory guideline imprisonment range of 151 to 188 months. Defendant has been sentenced to 151 months' imprisonment, which is within the advisory guideline range. A sentence within the guideline range is appropriate given the

3

seriousness of defendant's criminal history, which has been accounted for by the career offender designation. The low-end of the guideline range is appropriate in light of defendant's troubled upbringing. All other terms and conditions of defendant's sentence as pronounced at the April 7, 2016, hearing remain in effect.

SO ORDERED, this 11 day of April, 2016.

Terence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE